UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-80030-CR-DIMITROULEAS/MATTHEWMAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

PHILLIP BRAUN,
AARON SINGERMAN,
JAMES BOCCUZZI, and
BLACKSTONE LABS, LLC,
    Defendants.
_____/

**DEFENDANTS' REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION**

COME NOW, the Defendants, Phillip Braun, Aaron Singerman, James Boccuzzi and Blackstone Labs, LLC, by and through undersigned counsel, pursuant to Fed. R. Crim. P. 41(h), hereby files this Reply to the Government's Response to Defendant's Motion for Clarification and in support thereof states as follows:

**I.**  **The Government Does Not Oppose the Defendants' Motion for Clarification as its Arguments Do Not Contradict the Defendants' Position.**

The Government informed Defense Counsel that it was going to file a response to Defendants' Motion for Clarification as "the Government did not agree" with Defendants' position. (Mot. DE-466 at 7). However, the first three arguments set forth by the Government do not contradict the points made in Defendants' Motion. The Government argues: (1) "The Court Should Determine Which Substances Are Listed as Controlled Substances;" (2) "The Jury Should Determine Whether Unlisted Substances are Substantially Similar;" and (3) "The Jury Should

1

Determine Whether Defendants Acted Knowingly." (Gov. Response DE-481). Each argument is addressed in turn:

(1) The Defendants did not raise the issue of Listed Substances in their Motion for Clarification as it is not a point that needs clarifying. All parties agree that the Court will decide, and has already decided, as a matter of law, that the substances listed in the Controlled Substances Act (CSA) are Schedule III controlled substances.

(2) The argument made by Defendants in subheading "II." states "[w]hether an unlisted substance is a controlled substance analogue is a question of fact for the jury." This is the same conclusion reached by the Government in its second argument. The Government went further, highlighting its burden stating "[t]he Court should instruct the jury that the government must prove *beyond a reasonable doubt* that the unlisted substances are substantially similar to listed anabolic steroids." (emphasis added).

(3) Finally, for a third time, the Government expressly agrees with Defendants that the *mens rea* of the Defendants is a question of fact for the jury. The Government even goes so far as to quote the standard jury instruction.

**II.     The Terms Trendione, Halodrol and Epistane Are Not Unambiguous Common Names.**

Although not relevant to Defendants' Motion for Clarification, the Government attempts to introduce evidence through its Response. (Gov. Response DE-481 at 5). The Government and Defendants have utilized shorthand terms, pre-trial, in order to simplify complicated chemical names outside the presence of a jury. That is not at all the same as this Court taking judicial notice to codify those shorthand terms. The Government's request for this Court to determine as a matter of law that trendione, epistane, and halodrol (ersatz "common names" for various chemicals) are

listed under the "Designer Anabolic Steroid Control Act" [Sic.] (Gov. Response DE-481 at1) should be rejected.

A request for judicial notice is governed by Rule 201 of the Federal Rules of Evidence:

Rule 201. Judicial Notice of Adjudicative Facts

> a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
> (c) Taking Notice. The court:
> (1) may take judicial notice on its own; or
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
> (d) Timing. The court may take judicial notice at any stage of the proceeding.
> (e) Opportunity to Be Heard. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.
> (f) Instructing the Jury. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

The Government improperly claims the Court may take judicial notice that:

> Trendione, epistane, and halodrol are the common names for anabolic steroids listed in Schedule III of the CSA. Trendione (estra-4,9,11-triene-3,17-dione) is listed at 21 U.S.C. § 802(41)(A)(lxv). Halodrol (4-chloro-17α-methyl-androsta-1,4-diene-3,17β-diol) is listed at 21 U.S.C. § 802(41)(A)(liii). Epistane (2α,3α-epithio-17α-methyl-5αandrostan-17β-ol) is listed at 21 U.S.C. § 802(41)(A)(lx). (Gov. Response DE-481 at 2)

Whether trendione, epistane, and halodrol are common names for the declared chemicals, and may therefore substitute for the listed names added by Congress to the definition of anabolic steroids under the CSA, is a legislative, not adjudicative, fact. An adjudicative fact is a "fact concerning the immediate parties." Committee Notes to Rule 201. Whether a chemical may or may not be known by a settled-upon name (i.e., $H_2O$ is known by the common name "water") is not a fact concerning the immediate parties in this (or any) case. "A high degree of indisputability

3

is the essential prerequisite[1]" in determining whether judicial notice is appropriate under the Federal Rules of Evidence. FRE 201(b)(2).

Declaring these "common names" to be equivalent to proscribed anabolic steroids listed under the CSA, is to add to the definition of anabolic steroids. The CSA provides a mechanism for substances to be controlled, including their addition and removal. (21U.S.C. §811). Judicial notice is not the appropriate mechanism.

The only proof offered by the Government that judicial notice may be determined as to the common name of trendione, epistane, halodrol, is a single footnote[2]. This can not, and does not, approach the high bar set for judicial notice that any of the three substances at issue have the claimed common name(s).

**Common Names**

A common name[3] is a word that unambiguously defines a chemical yet does not follow the current systematic naming convention[4]. Reasonable dispute exists for each of the substances

---

[1] See Advisory Committee Notes Subdivision (a).
[2] E.g., Trendione, Estra-4,9,11-Triene-3,17-Dione, PubChem, National Library of Medicine, (available at https://pubchem.ncbi.nlm.nih.gov/#query=4642-95-9); Epistane, 2alpha,3alpha-epithio-17alpha-methyl-5aplha-androstan-17beta-ol, PubChem, National Library of Medicine, (available at https://pubchem.ncbi.nlm.nih.gov/compound/71752521) Halodrol, 4-chloro-17α methyl-androsta-1,4-diene-3,17β-diol, PubChem, National Library of Medicine, (available at https://pubchem.ncbi.nlm.nih.gov/compound/29976098). (Gov. Response DE-481 at 5).
[3] The Designer Anabolic Steroid Control Act, under "SEC. 3. LABELING REQUIREMENTS." (e.g., 21 U.S.C. 825 (e)(1)) specifies anabolic steroids are to be identified by the nomenclature used by the International Union of Pure and Applied Chemistry (IUPAC). Ergo, "common name" (undefined within DASCA) is addressed through the IUPAC definition herein.
[4] Nomenclature of Organic Chemistry: IUPAC Recommendations and Preferred Names 2013. United Kingdom, Royal Society of Chemistry, 2014.

4

claimed by the Government to possess a common name for which the Court may take judicial notice.

**Trendione**

In the instance of "trendione," the Government claims this to be the common name for estra-4,9,11-triene-3,17-dion. (Gov. Response DE-481 at 5). As "proof," the Government offers a single link to the PubChem page listing this chemical formula along with numerous synonyms of which "trendione" is merely one of a dozen[5]. (*Id.*) In addition, steroid nomenclature convention allows for "triene" to be spelled with or without the second "e" (e.g., as "trien" or "triene")[6]. Thus, the spelling used in DASCA and claimed by the Government to be equivalent to the aforementioned substance is not precisely how the compound may appear elsewhere. The high degree of indisputability required for judicial notice can not be satisfied so imprecisely. The Court should reject the Government's invitation to take judicial notice of "trendione" being the common name for estra-4,9,11-triene-3,17-dion.

**Epistane**

In the instance of epistane, the Government claims this to be the common name for 2alpha,3alpha-epithio-17alpha-methyl-5aplha-androstan-17beta-ol. (*Id.*) As "proof," the Government offers a link to the PubChem page for 2,3-Thioepoxy Madol, which fails entirely to mention the word "epistane." As a result, the Government has failed to provide reason for the Court to take judicial notice on this matter. The Court should reject the Government's invitation

---

[5] Consulting Wikipedia adds a 13th, namely "Trenavar." Last accessed at https://en.wikipedia.org/wiki/Trendione on 9/27/21 at 2.48pm.
[6] Llewellyn, William. Anabolics 2006. United States, Body of Science, 2006.

5

to take judicial notice of "epistane" being the common name for 2alpha,3alpha-epithio-17alpha-methyl-5aplha-androstan-17beta-ol.

**Halodrol**

In the instance of halodrol, the Government claims this to be the common name for 4-chloro-17α methyl-androsta-1,4-diene-3,17β-diol. (*Id.*) As "proof," the Government offers a link to a PubChem page. (*Id.*) However, this word was originally trademarked with the United States Patent and Trademark Office (USPTO) in 2006[7] by Gaspari Nutrition, whose product (Halodrol-50) was widely reported[8] to contain two anabolic steroids (4-chloro-17α-methylandrost-1,4-diene-3β,17β-diol and 17α-methyl-5α-androst-2-en-17β-ol). Neither steroid found in the original product adopted the precise naming convention found in DASCA. The fact that the original incarnation of halodrol contained two different anabolic steroids, is sufficient to raise dispute, which is fatal to the lack of reasonable dispute required for judicial notice.

Although the Gaspari Nutrition halodrol trademark has died, a more recent registration[9] is listed by the United States Patent and Trademark Office as live and owned by Hi-Tech Nutrition[10]. As a result, there is a reasonable dispute as to what substance "halodrol" may refer to. The Court should reject the Government's invitation to take judicial notice of halodrol being the common name for 4-chloro-17α methyl-androsta-1,4-diene-3,17β-diol.

---

[7] USPTO Registration Number: 3332613.
[8] https://www.washingtonpost.com/archive/sports/2005/11/30/steroids-detected-in-dietary-tablets/938990b4-5956-48a5-8804-7f5ae6d561e3/
https://www.consumerlab.com/recalls/10101/steroids-detected-in-supplement/
[9] USPTO Registration Number: 5729776.
[10] The current ingredients for the Hi-Tech Pharmaceuticals Halodrol product are: 1-Androstene-3b-Ol, 17-One, 4-Androstene-3b-Ol,17-One, Androsterone, Androstenolone Acetate, Rhaponticum Carthamoides 100:1 Extract (Root).

6

### III. Phifer is Controlling and Applicable to the Issue Presented in the Defendants' Motion for Clarification.

Contrary to the Government's position, *Phifer*, an Eleventh Circuit decision, is controlling precedent on the issue at hand. The issue here is the "substantial similarity" of the unlisted substances to the listed substances, not the legality of listed substances. *Phifer* was cited by this Court in the Order (Ord. DE-336 ¶2), stating "[w]hether a substance is a controlled substance is a question of law for the Court to decide." The Defendants' Motion for Clarification points out the necessary distinction between listed and unlisted substances. *Phifer* required the jury, as the finders of fact, to determine whether the unlisted substances qualified as "positional isomers" of the listed substances, which in turn required the jury to understand all applicable definitions of the term "positional isomer." Defendants ask that the jury be rightfully tasked with determining if the unlisted substances are "substantially similar" to the listed substances.

Further, the Government states that "DASCA is unambiguous, and this Court already rejected a vagueness challenge to the term 'substantially similar.'" (citing to *Fisher* and *Carlson*, Eleventh Circuit decisions[11]). *Fisher* and *Carlson* both held that the CSA was not unconstitutionally vague as the statute defined the offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Carlson*, 87, F.3d 440, 443 (11th Cir. 1996). Neither binding case addressed the issue of ambiguity.

It is important to note the definitional differences between vagueness and ambiguity. Ambiguity, yet to be addressed by this Court, is more clearly decided in *Phifer*. *Phifer* held that the term "positional isomer" is ambiguous because it has at least two useable definitions, whereas vagueness is held to mean that a term has not been adequately defined. Here, vagueness has already

---

[11] The Government additionally includes twelve non-controlling cites to address the issue of vagueness.

7

been addressed by the Court. However, ambiguity has not been decided. Because there is a material difference between vagueness and ambiguity, Defendants' request that the Court follow *Phifer's* precedent and allow *all accepted definitions* of "substantially similar" to be presented to, and considered by, the jury.

## REQUEST FOR ZOOM HEARING

Pursuant to Local Rule 88.9 undersigned counsel respectfully requests that this Motion be scheduled for a hearing via Zoom due to the ongoing COVID-19 pandemic.

WHEREFORE, for the reasons set forth herein and in the Defendant's Motion for Clarification, the Defendants respectfully ask this Court, (1) to clarify whom, the jury or the Court, will determine whether the unlisted substances are substantially similar to a steroid listed in the CSA, (2) to reject the Government's request for the Court to take judicial notice of trendione, halodrol and epistane being the common name for the steroids listed in the CSA and, (3) allow all accepted definitions of the term "substantially similar" to be presented to, and considered by, the jury when determining whether the unlisted substances are "substantially similar" to a steroid listed in the CSA.

**DATED** this 30th day of September 2021.

    Respectfully submitted,

    **RICHARD G. LUBIN, P.A**.
    707 North Flagler Drive
    West Palm Beach, FL  33401
    Telephone:  561-655-2040
    Facsimile:   561-655-2182
    Email: rich@lubinlaw.com
    Counsel for Aaron Singerman

    By: */s/ Richard G. Lubin*
    **RICHARD G. LUBIN**

Fla. Bar No. 182249

*/s/ Amy Morse*
**AMY MORSE, ESQ**.
Morse & Morse, LLC
Of Counsel to Richard G. Lubin, P.A.
707 North Flagler Drive
West Palm Beach, FL 33401
T: (561) 651-4145
F: (561) 655-2182
Email: amy@morselegal.com
FL Bar No.: 0388475
Co-Counsel for Aaron Singerman

*/s/Benedict P. Kuehne*
**BENEDICT P. KUEHNE**
Florida Bar No. 233293
**KUEHNE DAVIS LAW, P.A.**
100 S.E. 2nd St., Suite 3550
Miami, FL 33131-2154
Tel: 305-789-5989
Fax: 305-789-5987
ben.kuehne@kuehnelaw.com
efiling@kuehnelaw.com
Counsel for Defendant Braun

*/s/Michael T. Davis*
**MICHAEL T. DAVIS**
Florida Bar No.: 63374

*/s/Susan Dmitrovsky*
**SUSAN DMITROVSKY**
Florida Bar No. 73296

**KUEHNE DAVIS LAW, P.A.**
100 S.E. 2nd St., Suite 3550
Miami, FL 33131-2154
Tel: 305-789-5989
Fax: 305-789-5987

>mdavis@kuehnelaw.com
>efiling@kuehnelaw.com
>Counsel for Defendant Blackstone Labs, Inc.
>
>*/s/ J. Stephen Salter*
>**J. STEPHEN SALTER**
>8975 Pompano Way
>Gulf Shores, Alabama 36542
>Phone: 205-585-1776
>Email: umstakwit@aol.com
>Admitted Pro Hac Vice for Defendant Boccuzzi

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on September 30, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By:   */s/ Richard G. Lubin*
>        **RICHARD G. LUBIN**

10