UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80030-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

BLACKSTONE LABS, LLC,

Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida and the United States Department of Justice, Consumer Protection Branch (hereinafter, the "government") and **BLACKSTONE LABS, LLC**, (hereinafter, the "defendant" or "BLACKSTONE") enter into the following plea agreement:

1. Defendant is a Florida limited liability corporation, with its principal office in Boca Raton, Florida.

2. Defendant agrees to plead guilty to Count 1 of the Indictment, charging the crime of conspiracy to defraud the United States, namely the U.S. Food and Drug Administration (FDA); and to commit mail fraud in violation of Title 18, United States Code, Section 1341; and to commit wire fraud in violation of Title 18, United States Code, Section 1343; all in violation of Title 18, United States Code, Sections 371; to Count 3 of the Indictment, the introduction of unapproved new drugs into interstate commerce with intent to defraud and mislead, in violation of Title 21, United States Code, Sections 331(d), 333(a)(2), and 355(a), and Title 18, United States Code, Section 2; and to Count 4 of the Indictment, which charges conspiracy to manufacture and

1

distribute Schedule III controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i), and 846.

This plea agreement and any plea of guilty, which the defendant may enter under this agreement, are contingent upon the entry of a guilty plea by co-defendant Phillip Braun in the above-entitled case. If Phillip Braun fails to enter a guilty plea, then this plea agreement, and any proceedings conducted pursuant to this plea agreement, may be withdrawn or voided at the option of the government.

3.  The government agrees to seek dismissal of Counts 2, 5, 6, and 7 of the Indictment, as to this defendant, after sentencing.

4.  The defendant will provide the government written evidence, in the form of a resolution under penalty of perjury by the majority owner of the company, certifying that the defendant is authorized to plead guilty to a violation of Title 18, United States Code, Section 371, as charged in Count 1 of the Indictment; to a violation of Title 21, United States Code, Sections 331(d), 333(a)(2), and 355(a), and Title 18, United States Code, Section 2, as charged in Count 3 of the Indictment; and to a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i), and 846, as charged in Count 4 of the Indictment; and certifying that the defendant is authorized to enter into and comply with all provisions of this plea agreement. This resolution shall further state that the Chief Operating Officer of the defendant is authorized to take these actions and that all corporate formalities have been observed. The defendant agrees to have a designated representative to act on its behalf in proceedings in the present case and to appear on defendant's behalf to enter a plea of guilty and for the imposition of sentence.

5.  The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

2

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in Paragraph 2 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

6. As to Count 1, the defendant understands and acknowledges that the Court may impose a statutory maximum term of probation of up to five (5) years' probation, pursuant to Title 18, United States Code, Section 3561(c)(1) and a fine of up to $500,000, pursuant to Title 18, United States Code, Section 3571(c)(3), or not more than the greater of twice the gross gain or twice the gross loss, pursuant to Title 18, United States Code, Section 3571(d). The Court may also order forfeiture and restitution.

As to Count 3, the defendant understands and acknowledges that the Court may impose a term of probation of up to five (5) years. In addition, the Court may impose a fine of up to

$500,000, or not more than the greater of twice the gross gain or twice the gross loss, pursuant to Title 18, United States Code, Section 3571(d). The Court also may order forfeiture and restitution.

As to Count 4, the defendant understands and acknowledges that the Court may impose a term of probation of up to five (5) years. In addition, the Court may impose a fine of up to $2,500,000, pursuant to Title 21, United States Code, Section 841(b)(1)(E)(i), or not more than the greater of twice the gross gain or twice the gross loss, pursuant to Title 18, United States Code, Section 3571(d). The Court also may order forfeiture and restitution.

These sentences may be run consecutively.

7. The defendant further understands and acknowledges that, in addition to any sentence imposed under Paragraph 16 of this agreement, a special assessment in the amount of $1,200 will be imposed on the defendant, pursuant to Title 18, United States Code, Section 3013(a)(2)(B). The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

8. The government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the government further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The government and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

**As to Count 1, the crime of conspiracy:**

As to the object of the conspiracy - to defraud the U.S. Food and Drug Administration - the government and the defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a.     Base Offense Level. Under Guidelines Sections 2X1.1(a) and 2C1.1(a)(2), the base offense level is 12.

    b.     Chapter 2 Adjustments. There are none.

    c.     Chapter 3 Adjustments. The adjustments in Parts, A, B, C, and E do not apply, pursuant to Section 8A1.2, commentary, application note 2.

    d.     Estimated Offense Level. Based on these recommendations, the parties estimate that the total offense level is 12.

As to the objects of the conspiracy - to commit mail and wire fraud - the government and the defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a.     Base Offense Level. Under Sections 2X1.1(a) and 2B1.1(a), the base offense level is 6.

    b.     Loss. Under Sections 2B1.1(b)(1)(I) and 1B1.3, the loss is between $1,500,000 and $3,500,000. The offense level will increase by 16.

   c. <u>Increase for Mass-Marketing</u>.  Under Section 2B1.1(b)(2)(A), the offense conduct was committed through mass-marketing. Therefore, the offense level will increase by 2 levels.

   d. <u>Chapter 3 Adjustments</u>: The adjustments in Parts, A, B, C, and E do not apply, pursuant to Section 8A1.2, commentary, application note 2.

**<u>As to Count 3, the introduction of an unapproved new drug into interstate commerce:</u>**

   a. <u>Base Offense Level</u>.  Under Guidelines Sections 2N2.1(c)(1) and 2B1.1(a), the base offense level is 6.

   b. <u>Loss</u>.  Under Sections 2B1.1(b)(1)(I) and 1B1.3, the loss is between $1,500,000 and $3,500,000.  The offense level will increase by 16.

   c. <u>Mass Marketing</u>. Under Section 2B1.1(b)(2)(A), the offense was committed through mass-marketing, and the offense level will increase by 2.

**<u>As to Count 4, conspiracy to manufacture and distribute controlled substances:</u>**

   a. <u>Base Offense Level</u>.  The base offense level is 20, pursuant to Sections 2D1.1(a)(5) and 2D1.1(c)(10).

   b. <u>Mass-Marketing</u>.  The base offense level will increase by 2, pursuant to Section 2D1.1(b)(7), because controlled substances were distributed through mass-marketing by means of an interactive computer service.

   c. <u>Premises for Distribution of Controlled Substances</u>. The base offense level will increase by 2, pursuant to Section 2D1.1(b)(12), because the defendant maintained a building or premises for the purpose of distributing controlled substances.

 10. <u>Grouping</u>. The parties agree that under Chapter 3, Part D, there are two groups. One concerns the conspiracy to defraud the FDA and the conspiracy to commit mail and wire

fraud. The second concerns the conspiracy to manufacture and distribute controlled substances. Each is governed by Section 3D1.2(d). Under Section 3D1.3(b), the parties agree that the Court should use the guideline that produces the highest offense level, namely, the group that concerns the Count 1 conspiracy, resulting in an offense level of 24.

Based on the foregoing, the parties agree that the total adjusted offense level would be 24. The government agrees that it will not recommend an upward variance from the advisory guideline range based upon any of the factors under 18 U.S.C. § 3553(a), provided that the advisory guideline range determined by the Court is not lower than an offense level 24.

11. Base Fine. The parties agree that under Section 8C2.4, the base fine is the greatest of the amount in the table in Section 8C2.4(d), the pecuniary gain to the defendant, or the pecuniary loss caused by the defendant. The parties agree that the base fine will be $3,500,000 based on an offense level of 24 and the table in Section 8C2.4(d).

12. Culpability Score. The parties agree that the base score should start at 5 points, pursuant to Section 8C2.5(a), with an additional 1 point because the organization had 10 or more employees and an individual within substantial authority personnel participated in, condoned, or was willfully ignorant of the offense, pursuant to Section 8C2.5(b)(5). However, there should be a one-level reduction, pursuant to Section 8C2.5(g)(3).

13. Multiplier. The parties agree that under Section 8C2.6, the minimum multiplier for a culpability score of 5 is 1.00, and the maximum multiplier is 2.00.

14. Fine Range. The parties agree that under Section 8C2.7, the guideline fine range is $3,500,000 to $7,000,000.

15. Payment of the Fine. Under Section 8C3.2(b), immediate payment of the fine shall be required unless the Court finds that the defendant is financially unable to make immediate

payment or that such payment would pose an undue burden on the organization. Based on corporate financial records produced to the government in November 2021, it appears the defendant does not have the ability to pay a fine.

16. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands and acknowledges, as previously acknowledged in Paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by the defendant and the government.

17. The defendant knowingly and voluntarily agrees that the following property is subject to forfeiture to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C), because it constitutes or is derived from proceeds traceable to the conspiracy to commit mail fraud or wire fraud charged in Count 1 of the Indictment to which the defendant agrees to plead guilty: Certified funds in the amount of $223,430.40 (US) made payable by JP Morgan Chase Bank, N.A. to the United States Marshals Service by cashier's check number 4555916142, dated March 6, 2017, which were seized pursuant to a warrant from account number 117352830 held at JP Morgan Chase Bank, N.A., in the name of Blackstone Labs, LLC (hereinafter, the "Seized Funds").

18. Additionally, the defendant knowingly and voluntarily agrees to the entry of a forfeiture money judgment against the defendant for $1,000,000 (US) (hereinafter, the "Forfeiture

Money Judgment"), which the defendant admits and agrees is a sum of money equal in value to the property traceable to the conspiracy to commit mail fraud or wire fraud charged in Count 1 of the Indictment to which the defendant agrees to plead guilty.

19. The defendant knowingly and voluntarily agrees to waive its right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the requisite nexus between the Forfeiture Money Judgment and the Seized Funds and offense to which the defendant agrees to plead guilty herein. Furthermore, the defendant knowingly and voluntarily agrees that it shall not, in any manner, act in opposition to the government in seeking forfeiture of the Forfeiture Money Judgment or the Seized Funds. The defendant also knowingly and voluntarily agrees that it shall not, in any manner, act in opposition to the government in the disposal of evidence seized from the defendant in February 2017.

20. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the forfeiture of the Seized Funds and the entry of the Forfeiture Money Judgment:

    a. All constitutional, legal, and equitable defenses to such forfeiture;

    b. Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

    c. Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

    d. Any right it may have to an appeal of any resulting order of forfeiture regarding the Seized Funds and the entry of the Forfeiture Money Judgment.

21. The defendant knowingly and voluntarily agrees and understands that the forfeiture of the Seized Funds and the entry of the Forfeiture Money Judgment agreed upon herein shall not

be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist the government in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. The assistance shall include: identification of any property subject to forfeiture; agreement to the entry of an order enjoining the transfer or encumbrance of such property; and the transfer of such property to the United States by delivery to the government, upon the government's request, of any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

22. The defendant knowingly and voluntarily agrees to fully satisfy the Forfeiture Money Judgment in this case by tendering to the United States a cashier's check made payable to the United States Marshals Service in the full amount of the Forfeiture Money Judgment after sentencing.

23. In furtherance of the collection of a restitution judgment, the defendant agrees to make full and accurate disclosure of its financial affairs to the government and Probation. Specifically, the defendant agrees that upon signing of this plea agreement, the defendant shall submit a completed Financial Disclosure Statement and shall fully disclose and identify all assets in which the defendant has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a nominee, or other third party. The defendant agrees to provide, in a timely manner, all financial information requested by the government and Probation, and upon request, to have the defendant's owner, officer, or agent meet in person to identify

assets/monies which can be used to satisfy the restitution judgment. In addition, the defendant expressly authorizes the government to obtain a credit report of the defendant and any of its owners or officers.

24. The defendant agrees that it will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the restitution judgment is paid in full without prior approval of the government. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date of the defendant's indictment or when the defendant became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

25. The defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward forfeiture and/or restitution. The defendant agrees that providing false or incomplete information about the defendant's financial assets, or hiding, selling, transferring or devaluing assets, and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for a separate prosecution, including, under Title 18, United States Code, Section 1001.

26. The defendant agrees that the agreed upon forfeiture and any fine or restitution imposed by the Court will be due and payable in full within 10 days of the entry of judgment following the sentencing hearing, and the defendant will not attempt to avoid or delay payment.

27. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which

the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

28. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the defendant is pleading guilty are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

29. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the government, to request that the Court enter a specific finding that the defendant's waiver of its right to appeal the sentence imposed in this case and its right to appeal its conviction in the manner described above was knowing and voluntary.

30. Should the defendant withdraw, or attempt to withdraw, from this agreement for any reason, the defendant understands and agrees that any statements made to the government, including any factual statement prepared for submission to the Court in connection with the defendant's change-of-plea hearing, will become admissible as evidence and may be introduced affirmatively by the United States against the defendant in any criminal, civil, or administrative proceeding which may then be in effect or which may at any future time be initiated by the United States. This paragraph is explicitly intended as a waiver by the defendant of any and all protections

12

that would otherwise be afforded by application of Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, and applies once the defendant's authorized representative signs this agreement.

31. This is the entire agreement and understanding between the government and defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

GUSTAV W. EYLER
DIRECTOR
CONSUMER PROTECTION BRANCH
U.S. DEPARTMENT OF JUSTICE

Date: 11/19/2021

By: ALISTAIR F. A. READER
Trial Attorney
JOHN W. BURKE
Assistant Director
DAVID A. FRANK
Senior Litigation Counsel
STEPHEN J. GRIPKEY
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice

Date: 11-19-2021

By: Arthur W. Leach
Michael T. Davis
Susan Dimitrovsky
Attorneys for Defendant

Date: 11/18/2021

By: Authorized Representative
BLACKSTONE LABS, LLC
Defendant

13