**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-80030-CR-DIMITROULEAS**

**UNITED STATES OF AMERICA**,

       Plaintiff,

vs.

**BLACKSTONE LABS, LLC**,

       Defendant.
_____/

**UNITED STATES' UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE AND FORFEITURE MONEY JUDGMENT**

The United States of America (hereinafter, the "United States" or the "Government") hereby moves without opposition, pursuant to 18 U.S.C. § 981(a)(1)(C), and the procedures set forth at 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2, for entry of a Preliminary Order of Forfeiture and Forfeiture Money Judgment against the Defendant, **BLACKSTONE LABS, LLC**, in this case. The Government provides the points and authorities set forth below in support of its motion and submits herewith a proposed Preliminary Order of Forfeiture and Forfeiture Money Judgment.

    1.    On March 7, 2019, the Defendant, among other co-defendants was charged by Indictment [ECF No. 1] (the "Indictment"). The Indictment charges the Defendant in Count 1 with conspiracy to defraud the United States, to commit mail fraud, and to commit wire fraud all in violation of 18 U.S.C. § 371. *See* Indictment, ECF No. 1.

    2.    The Indictment provides notice in its Forfeiture Allegations that the following property is subject to criminal forfeiture to the United States in this case: Certified funds in the amount of $223,430.40 (US) made payable by JP Morgan Chase Bank, N.A. to the United States Marshals Service by cashier's check number 4555916142, dated March 6, 2017, which were seized

pursuant to a warrant from account number 117352830 held at JP Morgan Chase Bank, N.A., in the name of Blackstone Labs, LLC (the "Certified Funds"). *Id*.

3. Additionally, the Forfeiture Allegations provide notice that the United States will seek entry of a forfeiture money judgment against a convicted defendant in this case in an amount equal in value to the property, real or personal, that constitutes or is derived, from proceeds traceable to the conspiracy charged in Count 1 of the Indictment. *Id*.

4. On November 19, 2021, the Defendant pled guilty to Count 1 of the Indictment. *See* Change of Plea Minutes, ECF No. 542. On page 8, paragraphs 17 and 18, of its Plea Agreement, the Defendant agreed to the criminal forfeiture of the Certified Funds and to the entry of a forfeiture money judgment against it for $1,000,000 (US)(the "Forfeiture Money Judgment"), which he also admitted and agreed in the same paragraph was a sum of money equal in value to the property traceable to the conspiracy charged in Count 1 of the Indictment to which he agreed to plead guilty. *See* Plea Agreement, ECF No. 542, ¶¶ 17-18.

5. The Court set the Defendant's sentencing hearing for January 27, 2022. *See* Paperless Order, ECF No. 546.

6. Rule 32.2.(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that forfeiture consists of a money judgment." Furthermore, the United States may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), once an order of forfeiture is entered to amend that order to forfeit specific property belonging to the Defendant as substitute assets, up to the amount of the forfeiture money judgment.

WHEREFORE, based on the foregoing, the United States now respectfully requests that the Court enter its proposed Preliminary Order of Forfeiture and Forfeiture Money Judgment pursuant to 18 U.S.C. § 981(a)(1)(C), and the procedures set forth at 21 U.S.C. § 853 and Fed. R.

Crim. P. 32.2, that the Court announce the forfeiture as part of the Defendant's sentence in this case, and that the Court include the forfeiture, directly or by reference to the resulting Preliminary Order of Forfeiture and Forfeiture Money Judgment, in the judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4)(B).

## S.D. Fla. L.R. § 88.9 CERTIFICATION

Pursuant to S.D. Fla. L.R. § 88.9, undersigned counsel has conferred with the Defendant's counsel, Arthur Leach, Esquire, by e-mail, who relayed that the defendant does not oppose the relief requested herein.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  *s/Daren Grove*

Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
500 E. Broward Boulevard, Suite 822
Fort Lauderdale, Florida 33394
Telephone: 954.660.5774
Facsimile: 954.356.7180