UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80030-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

BLACKSTONE LABS, LLC,

        Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE AND FORFEITURE MONEY JUDGMENT

**THIS CAUSE** is before the Court upon the motion by the United States for an order of forfeiture (the "Motion") ECF No. 672. Having reviewed the Motion, the record, and the applicable law, the Court finds as follows with respect to forfeiture and the Defendant, **BLACKSTONE LABS, LLC**:

1. On March 7, 2019, the Defendant, among other co-defendants was charged by Indictment [ECF No. 1] (the "Indictment"). The Indictment charges the Defendant in Count 1 with conspiracy to defraud the United States, to commit mail fraud, and to commit wire fraud all in violation of 18 U.S.C. § 371. *See* Indictment, ECF No. 1.

2. The Indictment provides notice in its Forfeiture Allegations that the following property is subject to criminal forfeiture to the United States in this case: Certified funds in the amount of $223,430.40 (US) made payable by JP Morgan Chase Bank, N.A. to the United States Marshals Service by cashier's check number 4555916142, dated March 6, 2017, which were seized pursuant to a warrant from account number 117352830 held at JP Morgan Chase Bank, N.A., in the name of Blackstone Labs, LLC (the "Certified Funds"). *Id.*

3. Additionally, the Forfeiture Allegations provide notice that the United States will seek entry of a forfeiture money judgment against a convicted defendant in this case in an amount equal in value to the property, real or personal, that constitutes or is derived, from proceeds traceable to the conspiracy charged in Count 1 of the Indictment. *Id.*

4. On November 19, 2021, the Defendant pled guilty to Count 1 of the Indictment. *See* Change of Plea Minutes, ECF No. 542. On page 8, paragraphs 17 and 18, of its Plea Agreement, the Defendant agreed to the criminal forfeiture of the Certified Funds and to the entry of a forfeiture money judgment against it for $1,000,000 (US)(the "Forfeiture Money Judgment"), which he also admitted and agreed in the same paragraph was a sum of money equal in value to the property traceable to the conspiracy charged in Count 1 of the Indictment to which he agreed to plead guilty. *See* Plea Agreement, ECF No. 542, ¶¶ 17-18.

5. The Court set the Defendant's sentencing hearing for January 27, 2022. *See* Paperless Order, ECF No. 546.

6. Rule 32.2.(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that forfeiture consists of a money judgment." Furthermore, the United States may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), once an order of forfeiture is entered to amend that order to forfeit specific property belonging to the Defendant as substitute assets, up to the amount of the forfeiture money judgment.

Therefore, based on the Plea Agreement entered between the Defendant and the United States, the Court hereby

**ORDERS and ADJUDGES** that:

CASE NO. 19-80030-CR-DIMITROULEAS

1. The Motion is **GRANTED**.

2. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C): Certified funds in the amount of $223,430.40 (US) made payable by JP Morgan Chase Bank, N.A. to the United States Marshals Service by cashier's check number 4555916142, dated March 6, 2017, which were seized pursuant to a warrant from account number 117352830 held at JP Morgan Chase Bank, N.A., in the name of Blackstone Labs, LLC (the "Certified Funds").

3. A forfeiture money judgment is entered against the Defendant for $1,000,000 (US)(the "Forfeiture Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C), and the procedures set forth at 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(2)(A).

4. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

5. The United States shall send and publish notice of the forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n).

6. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of Certified Funds, and to resolve any third-party petition, pursuant to Fed. R. Crim. P. 32.2and 21 U.S.C. § 853(m).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4) this Order is final as to the Defendant.

8. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

9. It is further **ORDERED** that upon adjudication of all third-party interests, if any,

3

CASE NO. 19-80030-CR-DIMITROULEAS

the Court will enter a final order of forfeiture as to the Certified Funds in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

10. The forfeiture of the Certified Funds and entry of the Forfeiture Money Judgment shall be announced as part of the Defendant's sentence in this case and shall be included, directly or by reference, in the judgment entered in this case after the Defendant is sentenced pursuant to Fed. R. Crim. P. 32.2(b)(4)(B).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida this ___2___ day of ~~January~~ February 2022.

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

cc: counsel of record

4